IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TAMARA LONG                                                               PETITIONER

v.                                                                              No. 3:25-CV-182-SA-RP

STATE OF MISSISSIPPI                                            RESPONDENT

ORDER

This matter comes before the Court *sua sponte*. On January 21, 2026, this case was dismissed for failure to comply with the Court's order to submit a completed 2254 form and a completed application to proceed *in forma pauperis*. [4]. However, on March 6, 2026, the Court received the completed forms. *See* [5] and [6]. Because Long has now provided the necessary documentation, this case will be REOPENED. Further, the Court finds that the motion to proceed *in forma pauperis* [6] is well taken and is GRANTED. For the reasons discussed below, this case will be transferred to the District Court for the Southern District of Mississippi.

Tamara Long has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging a conviction and sentence for manslaughter and simple assault from Wilkinson County, Mississippi. [5] Venue in a *habeas corpus* case proceeding under 28 U.S.C. § 2254 is proper in either the district where the petitioner is incarcerated – or the district in which the conviction at issue arose:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. *The district court for the district wherein such an*

> *application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.*

28 U.S.C.A. § 2241(d)(emphasis added).

This Court and our sister court in the Southern District have determined that "in furtherance of justice" the best practice is to ensure the petition is decided in the district where the state conviction arose. *Id.* As the court of the petitioner's conviction falls within the territorial jurisdiction of the United States District Court for the Southern District of Mississippi, in the interest of justice and judicial economy, it is ORDERED:

1) That this case is REOPENED,

2) That the motion to proceed *in forma pauperis* [6] is GRANTED,

3) That this petition is TRANSFERRED to the United States District Court for the Southern District of Mississippi,

4) That the Clerk of Court is DIRECTED to TRANSFER this petition and the entire record to the United States District Court for the Southern District of Mississippi, and

5) This case is CLOSED.

SO ORDERED, this the 12th day of March, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE